**Form 149**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Michael J. Pushinsky**
**Deborah Joy Pushinsky**
 Debtor(s)

Bankruptcy Case No.: 16−20367−GLT
Issued Per 10/28/2021 Proceeding
Chapter: 13
Docket No.: 179 − 177
Concil. Conf.: October 28, 2021 at 11:30 AM

## ORDER OF COURT CONFIRMING PLAN AS MODIFIED
## AND SETTING DEADLINES FOR CERTAIN ACTIONS

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated September 20, 2021 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

- ☐ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

- ☑ B.   The length of the Plan is increased to a total of 68 months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

- ☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Oct. 28, 2021 at 11:30 AM, in remotely by the Trustee via Zoom, how to participate:goto www.ch13pitt.com, meetings@chapter13trusteewdpa.com.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

- ☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

- ☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

- ☐ F.    shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

- ☐ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

- ☑ H.   Additional Terms: (1)Provision for filing fees to be paid through the plan in the plan is stricken. The filing is paid and will not be paid by the Trustee.
(2)The Debtor will take over long term continuing debts/ the mortgage payments beginning December 2021
(3)Ally Financial Claim No. to be paid per stip Order entered 8/9/19 (Doc 129)
(4)Westmoreland County TCB will be paid with Statutory interest (of 9%)
(5)Provision for Bureau of individual Tax in the plan is stricken. No claim filed and Trustee has been provided no information of the payee or payee address or the basis of the tax (including tax

years). To extent the claim was priority or secured it shall not be discharged.
(6)Trustee shall make no payments to SBA (Cl#3−2) Debtor shall pay claim direct per agreement between the parties, beginning December 2021
(7)Debtor to be refunded $2,312 of the balance on hand that was paid into plan in October, 2021
(8)Balance on hand in excess of Debtor refund of $2,312 and that needed to complete Plan, as confirmed herein, shall be distributed to allowed UNSECURED creditors up to payment of 100% of the claims timely filed.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty-one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016-1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre-confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

_____
Gregory L. Taddonio, Judge
United States Bankruptcy Court

Dated: October 29, 2021

cc:   All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court

Western District of Pennsylvania

In re:  Case No. 16-20367-GLT

Michael J. Pushinsky  Chapter 13

Deborah Joy Pushinsky

    Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-2      User: dbas      Page 1 of 2
Date Rcvd: Oct 29, 2021      Form ID: 149      Total Noticed: 16

The following symbols are used throughout this certificate:
**Symbol**     **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

++     Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4).

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 31, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Michael J. Pushinsky, Deborah Joy Pushinsky, 220 Sunrise Drive, Irwin, PA 15642-8830 |
| aty | + | Albert G. Reese, Jr., Law Office of Albert G. Reese, Jr., 640 Rodi Rd., 2nd Fl., Ste. 2, Pittsburgh, PA 15235-4512 |
| cr | + | Ally Financial, Tucker Arensberg, P.C., c/o Brett A. Solomon, Esquire, 1500 One PPG Place, Pittsburgh, Pa 15222-5413 |
| cr | + | Peoples Natural Gas Company, LLC, Attn: Dawn Lindner, 225 North Shore Drive, Pittsburgh, PA 15212-5861 |
| 14203886 | | Bureau of Individual Taxes, Commonwealth of PA, PO Box 280432, Harrisburg, PA 17128-0432 |
| 14203890 | + | Lawrence M. Wojcik, Jr., Penn Township Treasurer, 2001 Municipal Court, Harrison City, PA 15636-1349 |
| 14203891 | + | Lawrence Wojcik, Penn Township Tax Collector, PO Box 456, Harrison City, PA 15636-0456 |
| 14174321 | + | PNC Bank, PO Box 94983, Cleveland, OH 44101-4983 |
| 14200212 | | Radiance Capital Receivables Ten, LLC, c/o Brian M. Kile, Esquire, Grenen & Birsic, PC, One Gateway Center, 9th Floor, Pittsburgh, PA 15222 |
| 14268022 | + | U.S. Small Business Administration, 200 W. Santa Ana Blvd., Ste 770, Santa Ana, CA 92701-7545 |
| 14203893 | + | Westmoreland County Tax Claim Bureau, 40 N. Pennsylvania Ave, Suite 109, Greensburg, PA 15601-2341 |
| 14203894 | + | Woodland Hills SD Tax Office, 2071 Ardmore Blvd, Pittsburgh, PA 15221-4644 |

TOTAL: 12

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: acg.acg.ebn@aisinfo.com | Oct 29 2021 23:32:52 | Ally Financial, c/o AIS Portfolio Services, LP, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 14174320 | | Email/Text: ally@ebn.phinsolutions.com | Oct 29 2021 23:24:00 | Ally Financial, PO Box 130424, Roseville, MN 55113-0004 |
| 14203888 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Oct 29 2021 23:24:00 | Department of Treasury, Internal Revenue Service, Andover, MA 01810-9041 |
| 14203892 | + | Email/Text: birminghamtops@sba.gov | Oct 29 2021 23:24:53 | Small Business Adminstration, 801 Tom Martin Drive, Suite 120, Birmingham, AL 35211-6424 |

TOTAL: 4

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | PNC BANK, NATIONAL ASSOCIATION |
| cr | | Radiance Capital Receivables Ten, LLC |
| 14203887 | *P++ | INTERNAL REVENUE SERVICE, CENTRALIZED INSOLVENCY OPERATIONS, PO BOX 7346, PHILADELPHIA PA 19101-7346, address filed with court:, Department of Treasury, Internal Revenue Service, Cincinnati, OH 45999 |
| 14203889 | *P++ | INTERNAL REVENUE SERVICE, CENTRALIZED INSOLVENCY OPERATIONS, PO BOX 7346, PHILADELPHIA PA 19101-7346, address filed with court:, Internal Revenue Service, Centralized Insolvency Operations, PO Box 21126, Philadelphia, PA 19114-0326 |

TOTAL: 2 Undeliverable, 2 Duplicate, 0 Out of date forwarding address

Case 16-20367-GLT   Doc 181   Filed 10/31/21   Entered 11/01/21 00:31:31   Desc
Imaged Certificate of Notice   Page 6 of 6

| District/off: 0315-2 | User: dbas | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Oct 29, 2021 | Form ID: 149 | Total Noticed: 16 |

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 31, 2021          Signature:          /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 29, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Albert G. Reese, Jr. | on behalf of Debtor Michael J. Pushinsky areese8897@aol.com agreese8897@gmail.com;r41196@notify.bestcase.com;agrlaw8897@gmail.com |
| Albert G. Reese, Jr. | on behalf of Plaintiff Deborah Joy Pushinsky areese8897@aol.com agreese8897@gmail.com;r41196@notify.bestcase.com;agrlaw8897@gmail.com |
| Albert G. Reese, Jr. | on behalf of Joint Debtor Deborah Joy Pushinsky areese8897@aol.com agreese8897@gmail.com;r41196@notify.bestcase.com;agrlaw8897@gmail.com |
| Albert G. Reese, Jr. | on behalf of Plaintiff Michael J. Pushinsky areese8897@aol.com agreese8897@gmail.com;r41196@notify.bestcase.com;agrlaw8897@gmail.com |
| Albert G. Reese, Jr. | on behalf of Attorney Albert G. Reese  Jr. areese8897@aol.com, agreese8897@gmail.com;r41196@notify.bestcase.com;agrlaw8897@gmail.com |
| Brett A. Solomon | on behalf of Creditor Ally Financial brett@solomon-legal.com |
| Brian Nicholas | on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION bnicholas@kmllawgroup.com |
| Brian M. Kile | on behalf of Creditor Radiance Capital Receivables Ten  LLC bkile@grenenbirsic.com, mcupec@grenenbirsic.com;lstanger@grenenbirsic.com |
| Jill Locnikar | on behalf of Defendant U.S. Small Business Administration jill.locnikar@usdoj.gov patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov;kassi.horton@usdoj.gov |
| Jillian Nolan Snider | on behalf of Creditor Ally Financial jsnider@fbtlaw.com agilbert@fbtlaw.com,agilbert@ecf.courtdrive.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |
| S. James Wallace | on behalf of Creditor Peoples Natural Gas Company  LLC ecfpeoples@grblaw.com, PNGbankruptcy@peoples-gas.com |

TOTAL: 13